UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

HIGGINS ELECTRIC INC, )
)
and )
)
LOCAL 57 OF THE ST. LOUIS )
DISTRICT COUNCIL OF CARPENTERS )
OF GREATER ST. LOUIS ) Case No.
AND VICINITY )
)
Plaintiffs, ) Jury Trial Requested
)
vs. )
)
O'FALLON FIRE PROTECTION )
DISTRICT )
)
Defendant )

## COMPLAINT

COMES NOW, Plaintiffs, Higgins Electric, Inc ("Higgins") and Local 57 of the St. Louis District Council of Carpenters of Greater St. Louis and Vicinity ("Carpenters") and for their Complaint against the O'Fallon Fire Protection District ("District") states as follows:

### Parties

1. Higgins is a Missouri corporation with its principal place of business in Montgomery City, Missouri.

2. Carpenters are a labor organization as defined by the National Labor Relations Act and as defined under FRCP 23.2. Carpenters bring this action on behalf of the class of its members who are employed by Higgins.

3. District is a subdivision of the State of Missouri formed pursuant to RS. Mo §321.010, *et. seq.* and is located in or around O'Fallon, Missouri

{00031645.DOC}1

## Jurisdiction and Venue

4. This action is brought under 42 USC § Section 1983 alleging various United States Constitutional violations including a violation of Equal Protection and Due Process under the First and Fourteenth Amendments.

5. Higgins also brings this action under Missouri law for violation of RS. Mo. §321.220(4).

6. Higgins, Carpenters and District reside within this judicial district and this Court has jurisdiction under 18 USC §1331 and §1343.

7. This court has supplemental jurisdiction over Higgins' state law claims pursuant to 28 U.S.C. §1367.

## FACTS COMMON TO ALL COUNTS

8. At all times relevant hereto Higgins has had a collective bargaining agreement with the Carpenters.

9. District is in the process in the process of building a new fire house ("Fire House").

10. During the spring of 2014 District solicited bids for the construction of the Fire House.

11. Higgins submitted the lowest responsible bid for the electrical construction on the Fire House.

12. On May 15, 2014 Higgins was informed by an agent of the District that it would not be awarded the work of the electrical construction on the Fire House because its employees were represented by the Carpenters and the Carpenters are not affiliated with the AFL-CIO.

13. The District through its agent asserted that it was signatory to a Project Labor

{00031645.DOC}2

Agreement (PLA) and that the terms of the PLA barred Higgins from participating in the construction of the Fire House.

14. Attached to the bid specifications for the construction of the Fire House was a "Resolution of the O'Fallon Fire Protection District Authorizing the Publishing A [sic] Document Entitled "Determination of the O'Fallon fire Protection District to Enter Into a Union Project Labor Agreement" (Exhibit 1, attached hereto).

15. Exhibit 1 provides only that the District Board "enter into a union-only PLA.

16. Exhibit 1also provides that it authorizes the publication of a document entitled "Determination of the O'Fallon Fire Protection District To Enter Into a Union Project Labor Agreement" (Exhibit 2, attached hereto).

17. Exhibit 2 also provides only that the District be authorized to enter into a "union-only Project Labor Agreement."

18. No exemplar of a PLA is attached or referred to in either Exhibit 1 or Exhibit 2.

19. At the time of the filing of this Complaint the District has not entered into a PLA.

20. The District awarded the work for the construction of the Fire House to a non-union heating and air conditioning contractor.

21. The District awarded the work for the construction of the Fire House to contractors employing members of the Laborers' International Union of North America ("Laborers"). The Laborers are not affiliated with the AFL-CIO.

## COUNT I-EQUAL PROTECTION

22. Plaintiffs incorporate ¶¶1-21 into this Count I.

23. District acting under color of state law specifically targeted Higgins and the Carpenters and attempted to interfere with Higgins' business and the employment of the those

{00031645.DOC}3

Carpenter members that are employed by Higgins solely because Higgins is not signatory to a collective bargaining agreement with Local 1 of the International Brotherhood of Electrical Workers ("IBEW")

24. Higgins and the Carpenter members employed by Higgins have been arbitrarily and maliciously treated differently from other similarly situated electrical contractors and the employees of electrical contractors.

25. The unlawful acts described herein were committed under color of state law and have deprived, and will continue to deprive, Higgins and the Carpenter members employed by Higgins of their equal protection rights under the Fourteenth Amendment of the United States Constitution.

26. Higgins and the Carpenter members employed by Higgins have been injured as a result of the discrimination aforesaid and are entitled to damages and attorneys fees pursuant to 42 USC § Section 1983.

27. Higgins and the Carpenter members employed by Higgins are entitled to compensatory damages for the lost profits and wages for the work that would have been performed on the Fire House as well as injury to their goodwill and reputation that has occurred as result of being wrongfully deprived of the award of the electrical work on the Fire House.

28. Because of the actions of the District were taken with evil motive and/or reckless indifference to the rights of the federally protected rights of the Plaintiffs, the Plaintiffs are entitled to an award of punitive damages.

WHEREFORE, Plaintiffs pray that judgment be entered against the District for compensatory damages in an amount in excess of $300,000, plus their attorneys and punitive damages.

{00031645.DOC}4

## COUNT-II DUE PROCESS

29. Plaintiffs incorporate ¶¶ 1-21 in this Count II.

30. District acting under color of state law specifically targeted Higgins and the Carpenters and attempted to interfere with Higgins' business and the employment of the those Carpenter members that are employed by Higgins solely because Higgins is not signatory to a collective bargaining agreement with Local 1 of the International Brotherhood of Electrical Workers ("IBEW")

31. The unlawful acts described herein were committed under color of state law and have deprived, and will continue to deprive, Higgins and the Carpenter members employed by Higgins of their due process rights under the Fourteenth Amendment of the United States Constitution.

32. Higgins and the Carpenter members employed by Higgins have been injured as a result of the discrimination aforesaid and are entitled to damages and attorneys fees pursuant to 42 USC § Section 1983.

33. Higgins and the Carpenter members employed by Higgins are entitled to compensatory damages for the lost profits and wages for the work that would have been performed on the Fire House as well as injury to their goodwill and reputation that has occurred as result of being wrongfully deprived of the award of the electrical work on the Fire House.

34. Because of the actions of the District were taken with evil motive and/or reckless indifference to the rights of the federally protected rights of the Plaintiffs, the Plaintiffs are entitled to an award of punitive damages.

WHEREFORE, Plaintiffs pray that judgment be entered against the District for compensatory damages in an amount in excess of $300,000, plus their attorneys and punitive

damages.

## COUNT III– FREEDOM OF ASSOCIATION

35. Plaintiffs incorporate ¶¶ 1-21 into this Count III.

36. District acting under color of state law specifically targeted Higgins and the Carpenters and attempted to interfere with the freedom of association of Higgins and the those Carpenter members that are employed by Higgins solely because Higgins is not signatory to a collective bargaining agreement with Local 1 of the International Brotherhood of Electrical Workers ("IBEW")

37. The unlawful acts described herein were committed under color of state law and have deprived, and will continue to deprive, Higgins and the Carpenter members employed by Higgins of their freedom of association rights under the Fourteenth Amendment of the United States Constitution.

38. Higgins and the Carpenter members employed by Higgins have been injured as a result of the discrimination aforesaid and are entitled to damages and attorneys fees pursuant to 42 USC § Section 1983.

39. Higgins and the Carpenter members employed by Higgins are entitled to compensatory damages for the lost profits and wages for the work that would have been performed on the Fire House as well as injury to their goodwill and reputation that has occurred as result of being wrongfully deprived of the award of the electrical work on the Fire House.

40. Because of the actions of the District were taken with evil motive and/or reckless indifference to the rights of the federally protected rights of the Plaintiffs, the Plaintiffs are entitled to an award of punitive damages.

WHEREFORE, Plaintiffs pray that judgment be entered against the District for

compensatory damages in an amount in excess of $300,000, plus their attorneys and punitive damages.

### COUNT IV-VIOLATION OF MISSOURI'S BIDDING STATUTES

41. Plaintiffs incorporate ¶¶ 1-21 into this Count IV.

42. Missouri Revised Statute §321.220(4) provides that the District has the authority to enter into contracts. This Section has been interpreted to mean:

> For purchases of $10,000 or more of goods or construction work, a fire protection district is required to "publish" its specifications before making the purchase. No one knows exactly what this requirement means because it has not been litigated, but most fire district attorneys assume it means that you must:
>
> - Advertise for bids
> - Take the "lowest and best" bid if the price is $10,000 or more [321.220(4)].

*Rules for Missouri Fire Protection Districts, Patrick Cronan, University of Missouri Extension (2011)*

43. The District's failure to award the contract to Higgins was arbitrary, capricious and fraudulent in that the specifications for the construction of the Fire House did not contain a PLA.

44. The District's failure to award the contract to Higgins was arbitrary, capricious and fraudulent in that the District did not adopt a PLA prior to the award of the bids for the Fire House.

45. The District's failure to award the contract to Higgins was arbitrary, capricious and fraudulent in that the Resolution (Exhibit 1) referenced solely a "union only" job site and/or PLA and not a PLA or jobsite requiring affiliation with the AFL-CIO.

46. The District's failure to award the contract to Higgins was arbitrary, capricious

and fraudulent in that awards were made to other contractors who had collective bargaining agreements with unions not affiliated with the AFL-CIO.

47. The District's failure to award the contract to Higgins was arbitrary, capricious and fraudulent in that the District awarded contracts to contractors who operate non-union.

WHEREFORE, Plaintiffs pray that judgment be entered against the District for compensatory damages in an amount in excess of $300,000, plus their attorneys and punitive damages.

Respectfully submitted,

KAPLAN ASSOCIATES, LLC

By: /s/*Lawrence P. Kaplan*
Lawrence P. Kaplan # 3517
Joshua M. Avigad # 81713
101 South Hanley, Suite 1225
St. Louis, Missouri 63105
Telephone: (314) 863-2929
Facsimile: (314) 863-977
*Attorneys for Plaintiffs*