UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

HIGGINS ELECTRIC, INC., and )
LOCAL 57 OF THE ST. LOUIS )
DISTRICT COUNCIL OF CARPENTERS )
OF GREATER ST. LOUIS AND VICINITY, )
 )
    Plaintiff, )
 )
v. ) No. 4:14CV956 RLW
 )
O'FALLON FIRE PROTECTION DISTRICT, )
 )
    Defendant. )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Rule 12(b)(6) Motion to Dismiss (ECF No. 14). The motion is fully briefed and ready for disposition. For the reasons set forth below, the Court will grant Defendant's Motion to Dismiss.

## I. Background

Plaintiff Higgins Electric, Inc. ("Higgins") is a Missouri corporation located in Montgomery City, Missouri. (Second Am. Compl. ¶ 1, ECF No. 7) Plaintiffs Local 57 of the St. Louis District Council of Carpenters of Greater St. Louis and Vicinity ("Carpenters") are a labor organization and bring the action on behalf of the class of members employed by Higgins. (*Id.* at ¶ 2) Plaintiffs' action arises under 42 U.S.C. § 1983 and alleges violations of their equal protection and due process rights under the First and Fourteenth Amendments to the United States Constitution. (*Id.* at ¶¶ 4, 27-40) Plaintiffs also raise a claim of interference with freedom of association rights under the Fourteenth Amendment. (*Id.* at ¶¶ 41-46) Finally, Plaintiffs claim that Defendant O'Fallon Fire Protection District ("District") violated Mo. Rev. Stat. § 321.220(4) and the Missouri Constitution. (*Id.* at ¶¶ 47-56)

According to Plaintiffs, during the Spring of 2014, Defendant District solicited bids for the construction of a new fire house. (*Id.* at ¶ 9) The "INSTRUCTIONS TO BIDDERS" contained an "INVITATION TO BID" with a Recommended Guide for Bidding Procedures and Contract Awards. (*Id.* at ¶ 10) This guide provided that "the contract should be awarded to the lowest responsible bidder." (*Id.* at ¶ 14) The guide also noted that the owner retained the right to reject any and all bids but that rejection should not be used as a subterfuge to award a contract to a bidder selected in advance. (*Id.* at ¶ 12) Plaintiffs maintain that Higgins submitted the lowest responsible bid for the electrical construction on the fire house but was informed by an agent of the District that Higgins did not receive the award for electrical construction because Higgins' employees were represented by the Carpenters, which were not affiliated with the AFL-CIO. (*Id.* at ¶¶ 15-17) According to Plaintiffs, an agent of Defendant District represented that the District was a signatory to a Project Labor Agreement ("PLA") and that the terms of said PLA barred Higgins from participating in the fire house construction. (*Id.* at ¶ 18) However, at the time of bidding, the District had not entered into a PLA, and a document entitled "Determination of the O'Fallon Fire Protection District to Enter into a Union Project Labor Agreement" merely indicated that the District was authorized to enter into a union-only PLA. (*Id.* at ¶¶ 19-24) On May 27, 2014, the District awarded the electrical construction work on the fire house to another electrical contractor who employed members of the Laborers' International Union of North America and were not affiliated with the AFL-CIO. (*Id.* at ¶¶ 25-26)

In their Second Amended Complaint, Plaintiffs allege that the Defendant District targeted Plaintiffs Higgins and the Carpenters and attempted to interfere with Higgins' business and employment of Carpenters because Higgins is not a signatory to a collective bargaining agreement with Local 1 of the International Brotherhood of Electrical Workers ("IBEW"). (*Id.*

at ¶ 28) Plaintiffs contend that Defendant arbitrarily and maliciously treated Plaintiffs differently from other similarly situated electrical contractors and employees of said contractors, depriving Plaintiffs of their Equal Protection rights under the Fourteenth Amendment to the United States Constitution. (*Id.* at ¶¶ 29-30) Further, Plaintiffs assert that the District failed to meet the basic standards of Due Process under the Fourteenth Amendment because it did not have objective data to not award the electrical construction contract to Plaintiffs on more than surmise, guesswork, or a gut feeling. (*Id.* at ¶¶ 35-37) Plaintiffs also claim that Defendant targeted Higgins and the Carpenters and attempted to interfere with the freedom of association because Higgins is not a signatory to a collective bargaining agreement with Local 1 of the IBEW. (*Id.* at ¶ 42) Finally, Plaintiffs maintain that Defendant violated the Missouri Constitution and Mo. Rev. Stat. § 321.220(4) by not awarding the contract to the lowest responsible bidder and not allowing all bidders for electrical construction of the fire house to compete on equal terms. (*Id.* at ¶¶ 48-52) Plaintiffs seek compensatory and punitive damages.

## II. Standard for Ruling on a Motion to Dismiss

A complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007) (abrogating the "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. In other words, "[f]actual allegations must be enough to raise

a right to relief above the speculative level . . . ." *Id.* This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. *Id.* at 556.

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Id.* at 555; *see also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *Twombly*, 550 U.S. at 556. However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal*, U.S. __ , 129 S. Ct. 1937, 1950 (2009) (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* Legal conclusions must be supported by factual allegations to survive a motion to dismiss. *Id.*

### III. Discussion

#### A. Standing

Defendant District first argues that Plaintiffs lack standing to bring this suit. Defendant contends that it was not bound to award Higgins the contract, whether or not Higgins submitted the lowest bid. Thus, Defendant asserts that Plaintiffs were not deprived of anything to which it was legally entitled and cannot state a cause of action. *Metcalf & Eddy Servs., Inc. v. City of St.*

*Charles,* 701 S.W.2d 497, 499 (Mo. Ct. App. 1985). Plaintiffs, on the other hand, argue that they have standing to challenge a contract award where the contracting authority exercises its discretion to solicit and assess bids unlawfully or capriciously, or where the bidding procedure did not permit all bidders to compete on equal terms. *Metro. Express Servs., Inc. v. City of Kansas City,* 23 F.3d 1367, 1371 (8th Cir. 1994).

"[S]tanding is a jurisdictional prerequisite that must be resolved before reaching the merits of a suit." *City of Clarkson Valley v. Mineta,* 495 F.3d 567, 569 (8th Cir. 2007). Standing requires (1) that the plaintiff suffer an "injury in fact"; (2) that a causal connection exists between the injury and the conduct complained of; and (3) that the injury will likely be redressed by a favorable decision. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992) (citations and internal quotations omitted). When standing is challenged in a motion to dismiss, "the standing inquiry must . . . be done in light of the factual allegations of the pleadings." *City of Clarkson Valley,* 495 F.3d at 570 (citation omitted). The party invoking federal jurisdiction has the burden of establishing standing. *Defenders of Wildlife,* 504 U.S. at 561.

"[M]ultiple Missouri cases have held that a disappointed bidder competing for a government contract does not have a special pecuniary interest in the award of the contract to it, and therefore generally lacks standing to challenge the award of the contract to another bidder." *Pub. Commc'ns Servs., Inc. v. Simmons,* 409 S.W.3d 538, 546 (Mo. Ct. App. 2013); *see also Brannum v. City of Poplar Bluff,* 439 S.W.3d 825, 829 (Mo. Ct. App. 2014); *Metcalf & Eddy Servs., Inc. v. City of St. Charles,* 701 S.W.2d 497, 499 (Mo. Ct. App. 1985); *La Mar Constr. Co. v. Holt Cnty., R-II Sch. Dist.,* 542 S.W.2d 568, 570-71 (Mo. Ct. App. 1976). Indeed, the Missouri Supreme Court has explained that a disappointed bidder generally lacks standing because the advertisement was an offer to receive proposals for a contract, not an offer of a

5

contract, and because the statute requiring contracts to be given to the lowest and best bidder was designed to benefit and protect the public, not the bidders. *State ex rel. Johnson v. Sevier*, 98 S.W.2d 677, 679 (Mo. 1936) (citation and internal quotations omitted). However, Missouri courts also "recognize that members of the public have standing to challenge a contract award where the contracting authority exercises its discretion to solicit and evaluate bids unlawfully or capriciously." *Simmons*, 409 S.W.3d at 546. In addition, the Eighth Circuit Court of Appeals has held that an unsuccessful bidder has standing to challenge a contract award where "the bidding procedure did not permit all bidders to compete on equal terms." *Metro. Express Servs.*, 23 F.3d at 1371.

In the present case, Plaintiffs rely on *Metropolitan Express Services* to argue that they have standing to challenge the District's contract award to a higher bidder because the procedure did not permit all bidders to compete on equal terms. However, the facts of this case are distinguishable from those in *Metropolitan Express Services*, where the plaintiff did not submit a bid because the defendant provided the successful bidder with information not supplied to other bidders, and, in turn, the defendant offered the successful bidder a contract materially different from the contract proposed in the bid package. 23 F.3d at 1371. The Eighth Circuit Court of Appeals determined that the plaintiff had standing to challenge the bidding procedure where said procedure prevented the plaintiff from submitting a bid. *Id.* at 1372.

Here, on the other hand, Higgins was invited to and did submit a bid on the fire house project. Plaintiffs simply claim that the bidding procedures did not permit all bidders to compete on equal terms; the contract was not fairly bid; the District's award was based on "surmise, guesswork, or gut feeling"; and the failure to award the contract to Plaintiffs was "arbitrary, capricious, and fraudulent." (Second Am. Compl. ¶¶ 36, 50-56) *Twombly* requires that a

6

plaintiff plead facts sufficient to support conclusory allegations. 550 U.S. at 556. However, here, Plaintiffs merely present bare assertions and have failed to present facts adequate to show that the bidding procedure did not allow bidders to compete on equal and fair terms. Instead, the facts presented in the Second Amended Complaint demonstrate that the District solicited bids, Plaintiffs submitted a bid, and the District awarded the contract to another bidder. Plaintiffs are merely disappointed bidders that did not have a special pecuniary interest in the award of a contract. *Metcalf & Eddy*, 701 S.W.2d at 499. Thus, Plaintiffs have failed to meet their burden of establishing standing to challenge the award of the contract at issue. *See Demien Constr. Co. v. O'Fallon Fire Prot. Dist.*, No. 4:14-CV-1014 JAR, 2014 WL 7027626, at *3 (E.D. Mo. Dec. 11, 2014) (finding that plaintiff lacked standing to challenge a contract awarded by O'Fallon Fire Protection District where plaintiff failed to plead facts supporting its conclusory allegations that the award did not permit bidders to compete on equal terms, that the contract was not fairly bid, that the award was based on guesswork, and that the failure to award the contract to plaintiff was arbitrary, capricious, and fraudulent).

Defendant additionally claims that Plaintiff Carpenters does not have standing to sue because a labor union cannot bring a suit against a municipal entity on behalf of member-employees that lack standing themselves to sue the entity. The Court agrees.

In *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333 (1977), the United States Supreme Court held that, *inter alia*, an association has standing to sue on behalf of its members where the members would otherwise have standing to sue in their own right. *Id.* at 343. As stated above, Higgins, and thus employees of Higgins, does not have standing to sue as unsuccessful bidders under Missouri law, as Plaintiffs have failed to allege sufficient facts to meet the standing requirements. Therefore, Carpenters does not have standing to bring a claim

7

on behalf of its members. *See Nat'l Fed'n of the Blind of Missouri v. Cross*, 184 F.3d 973, 981 (8th Cir. 1999) (finding that the association did not have representational standing to bring the claims of its members where the alleged injuries were merely hypothetical and thus the members did not have standing); *Disabled Citizens Alliance for Independence, Inc. v. Pratte*, No. 4:08CV1021 JCH, 2008 WL 4488972, at *2-3 (E.D. Mo. Oct. 1, 2008) (holding that the organization's allegations did not satisfy the standing requirement where the organization failed to demonstrate that the members would otherwise have standing to sue in their own right).

### B. Claims under 42 U.S.C. § 1983

Although the Court finds that the Plaintiffs do not have standing to bring this law suit, the Court will address the merits of the Plaintiffs' claims out of an abundance of caution. Plaintiffs bring their federal claims under 42 U.S.C. § 1983 for alleged violations of their First and Fourteenth Amendment rights to Equal Protection and Due Process. Under 42 U.S.C. § 1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . .

In order to establish liability under 42 U.S.C. § 1983, Plaintiffs "must establish that (1) defendant[] acted under color of state law and (2) defendant['s] wrongful conduct deprived them of a constitutionally protected right." *Soltan v. Accor North Am., Inc.*, No. 09-1412(DSD/SRN), 2010 WL 187477, at *2 (D. Minn. Jan. 11, 2010) (citation omitted).

### 1. Equal Protection

Under the Equal Protection Clause of the United States Constitution, the government must treat all similarly situated people alike. *Palmore v. City of Pacific*, 851 F. Supp. 2d 1162, 1170 (E.D. Mo. 2010) (citation omitted). The Plaintiffs in this case must show that they were

8

intentionally treated differently from other similarly situated bidders. *Barstad v. Murray Cnty.*, 420 F.3d 880, 884 (8th Cir. 2005). In their Second Amended Complaint, Plaintiffs aver that Defendant District did not award the electrical construction contract to Higgins, even though Higgins made the lowest responsible bid, because Higgins affiliates with the Carpenters instead of the IBEW. (Second Am. Compl. ¶¶ 15, 28, ECF No. 7) Plaintiffs maintain that Higgins and Carpenter members were arbitrarily and maliciously treated differently from other similarly situated electrical contractors and employees, thus violating Plaintiff's right to Equal Protection under the Fourteenth Amendment.[1] (*Id.* at ¶¶ 29-30)

The Court finds that Plaintiffs' broad and conclusory allegations are insufficient to demonstrate an Equal Protection claim. First, Plaintiffs have failed to demonstrate that they are members of a protected class for Equal Protection purposes. *See McDonald v. City of Cape Girardeau, MO,* No. 1:04CV44 FRB, 2006 WL 1153896, at *7 (E.D. Mo. Apr. 26, 2006) (finding that plaintiffs failed to show that the manner in which they conducted their banding business brought them within a protected class). "[A] suspect class is one 'saddled with such disabilities, or subjected to such a history of purposeful unequal treatment, or relegated to such a position of political powerlessness as to command extraordinary protection from the majoritarian political process.'" *Massachusetts Bd. of Ret. v. Murgia*, 427 U.S. 307, 313 (1976) (quoting *San Antonia Sch. Dist. v. Rodriguez*, 411 U.S. 1, 28 (1973)). Plaintiffs have not shown that they are members of a protected class and simply assert that awarding the contract to another bidder, which the District was entitled to do under the bidding procedures, constituted arbitrary and

---

[1] Although Plaintiffs purport to bring an Equal Protection claim under the First Amendment as well, the Equal Protection count references only a claim under the Fourteenth Amendment. Plaintiffs do not provide any support for bringing an Equal Protection claim under the First Amendment in either the Second Amended Complaint or any of its briefs pertaining to the Motion to Dismiss. Thus, the Court finds that Plaintiffs have failed to state a First Amendment claim for an Equal Protection violation.

malicious treatment different from other similarly situated electrical contractors. Plaintiffs merely proffer "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 687 (quoting *Twombly*, 550 U.S. at 555, 557)). The Court finds that Plaintiffs are electrical contractors and not part of a protected class warranting extraordinary protection.

Even if Plaintiffs can assert a claim as a "class of one", however, their Equal Protection claims nevertheless fail. Plaintiffs acknowledge that the District solicited several bids for the construction of the fire house. The "INSTRUCTIONS TO BIDDERS" and "INVITATION TO BID" were provided to all electrical contract bidders. The District chose one bidder from the pool of bidders. While Plaintiffs claim that Defendant District "arbitrarily and maliciously" treated them differently from other similarly situated electrical contractors, they provide no facts to support this claim. In the instant case, Plaintiffs must demonstrate that the District intentionally treated them different from other, similarly situated electrical contractors. *Barstad*, 420 F.3d at 884 ("[A] class of one claimant may prevail by showing '[it] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'") (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). However, other than the bald assertions contained in the Second Amended Complaint, Plaintiffs has failed to present any evidence that similarly situated electrical contractors received favorable treatment over them. All bidders were subjected to the same bidding procedures and requirements. Plaintiffs do not identify any bidders who were not required to follow these instructions or show that they were the only electrical contractor denied the contract award on allegedly impermissible grounds. Therefore, Plaintiffs' equal protection claim must fail. *See Barstad*, 420 F.3d at 885-86 (denying plaintiff landowners' equal protection claim where plaintiffs failed to show that they were intentionally treated differently from other similarly

10

situated landowners and where they failed to demonstrate that they were the only landowners wrongfully denied a permit).

## 2. Due Process

Next, Plaintiffs argue that Defendant District violated their Fourteenth Amendment rights to Due Process. Although the Complaint is unclear, Plaintiffs argue in their Response to the Motion to Dismiss, that they are raising both procedural and substantive Due Process claims.

"Analysis of either a procedural or substantive due process claim must begin with an examination of the interest allegedly violated." *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 445-46 (8th Cir. 1995) (citation omitted). Plaintiffs argue that bidding procedures required that the bid be awarded to the "lowest responsible bidder" and that they were, in fact, the lowest responsible bidder and fulfilled all the requirements set forth in the bidding documents. Therefore, Plaintiffs assert that they had an interest in receiving the contract award. Defendant District contends that Plaintiffs had no property interest in the contract award such that the claim should be dismissed.

"To establish a procedural due process violation, a plaintiff must demonstrate that he has a protected property or liberty interest at stake and that he was deprived of that interest without due process of law." *Hopkins v. Saunders*, 199 F.3d 968, 975 (8th Cir. 1999); *see also Swipies v. Kofka*, 419 F.3d 709, 715 (8th Cir. 2005). Further, to possess a property interest in a benefit, a person must have more than an abstract need or desire and more than a unilateral expectation. *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). Instead, the person must "have a legitimate claim of entitlement to it." *Id.* "State law determines the sufficiency of the claim of entitlement to a property interest." *Hanten v. Sch. Dist. Of Riverview Gardens*, 183 F.3d 799, 808 (8th Cir. 1999) (citation omitted). As stated above, Missouri law does not recognize a property right to a

contract by an unsuccessful bidder on a construction project. *Id.*; *see also Brannum,* 429 S.W.3d at 830; *Metcalf,* 701 S.W.2d at 499. Plaintiffs are unable to demonstrate a property interest in a right to the electrical construction contract based on its status as an unsuccessful bidder.

Further, the language in the bidding procedures upon which Plaintiffs rely does not obligate Defendant to award the contract to the lowest responsible bidder. The invitation states that "[i]t is the intent of the Owner to award a contract to the lowest responsible bidder provided the bid has been submitted in accordance with all requirements of the bidding documents . . . . The Owner reserves the right, however, to award Contract in his best interest, and, therefore, reserves right to select a Bidder other than the lowest." (Invitation to Bid, p. 7, ECF No. 7-1) The INVITATION TO BID also incorporates the "Recommended Guide for Bidding Procedures and Contract Awards," which provides, "[t]he contract should be awarded to the lowest responsible bidder." (Recommended Guide for Bidding Procedures and Contract Awards, p. 10, ECF No. 7-2)

Plaintiffs maintain that the language contained in the recommended guide obligated Defendant District to award the contract to Plaintiffs. However, the guide merely states that the contract "should be" awarded to the lowest responsible bidder, not "must be." Read together, the provisions clearly give the District the discretion to choose or not choose the lowest responsible bidder. Plaintiffs' unilateral expectation that it would receive the contract award does not amount to a property interest. *See Hanten,* 183 F.3d at 809 (finding that a one-sided expectation of a subcontractor award was insufficient to create a property interest); *see also Indep. Enters., Inc. v. Pittsburgh Water & Sewer Auth.,* 103 F.3d 1165, 1178 (3rd Cir. 1997) (stating that a contractor bidding on a public contract had not legitimate expectation of receiving that contract until the contract was actually awarded); *Kim Constr. Co., Inc. v. Bd. of Trustees of Vill. of*

*Mudelein,* 14 F.3d 1243, 1245-50 (7th Cir. 1994) (finding the low bidder for a construction contract did not have a property interest); *Assoc. Builders & Contractors, Inc. v. City of Seward,* 966 F.2d 492, 499 (9th Cir. 1992) (overruled on other grounds by *Chamber of Commerce of U.S. v. Lockyer,* 463 F.3d 1076 (9th Cir. 2006)) (holding that wishful bidders to a construction contract had no property interest in a renovation project).

Likewise, Plaintiffs are unable to show that Defendant District violated Plaintiffs' substantive Due Process rights. The substantive component of the Due Process Clause "protects individual liberty against 'certain government actions regardless of the fairness of the procedures used to implement them.'" *Collins v. City of Harker Heights,* 503 U.S. 115, 125 (1992) (quoting *Daniels v. Williams,* 474 U.S. 327, 331 (1986)). "[T]he theory of substantive due process is properly reserved for the truly egregious and extraordinary cases . . . ." *Myers v. Scott Cnty.,* 868 F.2d 1017, 1018 (8th Cir. 1989). "To prevail on a substantive due process claim, [Plaintiffs] must show 'a constitutionally protected property interest and that . . . officials used their power in such an arbitrary and oppressive way that it 'shocks the conscience.'" *Novotny v. Tripp Cnty., S.D.,* 664 F.3d 1173, 1178 (8th Cir. 2011) (quoting *Gallagher v. Magner,* 619 F.3d 840 (8th Cir. 2010)).

As stated above, Plaintiffs have failed to demonstrate that they have a constitutionally protected property interest. Further, Plaintiffs' Due Process allegations in the Complaint do not assert factual allegations that Defendant District's decision to choose a different bidder shocked the conscience. Instead, Plaintiffs merely present naked assertions of a substantive Due Process violation.[2] *Iqbal,* 556 U.S. at 687. The Court therefore finds that Plaintiffs fail to state a claim that the District violated their Due Process rights.

---

[2] Plaintiffs cite to Mo. Rev. Stat. § 321.220(4) for the proposition that the statutory "bidding procedure" conveys entitlement to a contract at the bidding stage. This statute merely sets out the powers of a fire protection district and does not create a property right to a contract award.

### 3. Freedom of Association

Plaintiffs claim that Defendant violated their constitutional right of freedom of association by choosing an IBEW affiliated contractor over Higgins. Defendant District contends that the Freedom of Association does not prevent an entity from choosing one union contractor over another based in part on the unions involved.

"There is no doubt that 'the freedom of an individual to associate for the purpose of advancing beliefs and ideas is protected by the First and Fourteenth Amendments.'" *Hanten*, 183 F.3d at 805 (quoting *Abood v. Detroit Bd. of Educ.*, 431 U.S. 209, 233 (1977)). However, the First Amendment does not require an entity "to recognize and bargain with all unions equally . . . [and] [i]ts decision to recognize [other] unions does not implicate the First Amendment." *Sacco v. Pataki*, 982 F. Supp. 231, 242 (S.D.N.Y. 1997). Further, the Eighth Circuit Court of Appeals has held that a governmental preference for hiring union labor in the construction industry does not "directly or substantially" interfere with the rights of laborers from joining a union. *Hanten*, 183 F.3d at 806.

Plaintiffs' Complaint fails to claim that Defendant's preference for an IBEW contractor would prevent Higgins employees from associating with the Carpenters. *Int'l Ass'n of Firefighters, Local No. 3038 v. City of Kansas City*, upon which Plaintiffs rely, is inapposite. 220 F.3d 969, 973 (8th Cir. 2000). In that case, a city ordinance prohibited supervisory-level employees from belonging to the same labor organization as the employees they supervised. *Id.* at 971. The Eighth Circuit held that the ordinance was unconstitutional because it infringed on

---

Indeed, the statute merely states that "notice shall be published for the bids on all construction . . ." Mo. Rev. Stat. § 321.220(4). Plaintiffs concede that they received notice, and the Court finds that the District complied with the directives of the statute. *Demien Constr.*, 2014 WL 7027626, at *5. Further, even if the District misapplied the statute, "state-law error, no matter how fundamental, cannot in and of itself create a federal due-process violation." *Chesterfield Dev. Corp. v. City of Chesterfield*, 963 F.2d 1102, 1105 (8th Cir. 1992) (citations omitted).

14

the union members' associational rights, and the justification proffered by the city was unreasonable. *Id.* at 975.

Here, Plaintiffs' Complaint merely asserts that Defendant District "attempted to interfere with the freedom of association," not that the decision to choose a contractor associated with a different union somehow prevented Plaintiffs and their employees from associating with a union. (Second Am. Compl. ¶ 42, ECF No. 7) Indeed, a claim that "one union was favored over another . . . does not state a claim of violation of the First Amendment." *Sacco*, 982 F. Supp. at 242. Thus, the Court finds that Defendant District's decision to choose a contractor associated with a different union does not implicate Plaintiffs' First Amendment right to freedom of association. As such, dismissal of that claim under Rule 12(b)(6) is appropriate.

### C. State Law Claims

In Count IV of the Second Amended Complaint, Plaintiffs assert that Defendant District violated Mo. Rev. Stat. § 321.220(4) and the Missouri Constitution. The undersigned notes that the Court has jurisdiction over the remaining claims on the basis of supplemental jurisdiction. 28 U.S.C. § 1367. "Whether to exercise supplemental jurisdiction over a remaining state law claim is within the court's discretion; however, federal district courts generally should exercise judicial restraint and avoid state law issues when possible because such claims are more properly heard by state courts." *Demien*, 2014 WL 7027626, at *5 (citation omitted). Because this Court has determined that Plaintiffs' federal claims must be dismissed, it will decline to exercise supplemental jurisdiction over Plaintiffs' state law claims.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Rule 12(b)(6) Motion to Dismiss (ECF No. 14) is **GRANTED.** A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Oral Argument (ECF No. 25) is **DENIED** as **MOOT.**

Dated this 14th day of January, 2015.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**